**SETH P. CHAZIN (CA SBN 133777)**
**Attorney at Law**
**LAW OFFICES OF SETH P. CHAZIN**
**1164 Solano Ave**
**Albany, CA 94706**
**Telephone: (510) 507-8100**
**Facsimile: (510) 525-0087**


**Attorney for Defendant**
**AIDAN PATRICK WORLEY**


# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) No. 4:25-cr-00103-001 JSW |
| Plaintiff, | ) |
| | ) **DEFENDANT AIDAN WORLEY'S REPLY** |
| vs. | ) **TO GOVERNMENT'S SENTENCING** |
| | ) **MEMORANDUM** |
| AIDAN PATRICK WORLEY, | ) |
| | ) **Date: November 25, 2025** |
| Defendant. | ) **Time: 1:00 p.m.** |
| | ) **Judge: Hon. Jeffrey S. White** |
| | ) |

## I.      INTRODUCTION

The Government requests 120 months—the absolute maximum allowed under the plea agreement. To justify this, they urge the Court to dispense with its duty under 18 U.S.C. § 3553(a), arguing that Mr. Worley's profound mitigation was already "incorporated" into the plea deal.[1] This recommendation is legally flawed. It treats the plea agreement as the *end* of the sentencing analysis rather than the *beginning*. It asks the Court to impose the mandatory minimum sentence of a dismissed charge, and relies on a cursory analysis of the facts and circumstances surrounding the case and this particular defendant. For the reasons outlined below (and those previously identified in Mr. Worley's Sentencing Memorandum), the defense respectfully submits that a sentence of 60 months is sufficient but not greater

---

[1] *Government's Sentencing Memorandum*, p. 9, line 21.

1

DEFENDANT AIDAN WORLEY'S REPLY TO GOVERNMENT'S SENTENCING MEMORANDUM

than necessary, is just, and is the appropriate sentence when applying the guidance for sentencing set forth in 18 U.S.C. § 3553 (a) (2).

## II.    THE GOVERNMENT'S CURSORY ANALYSIS IMPROPERLY ASKS THE COURT TO DISREGARD THE EXTRAORDINARY SECTION 3553 (a) MITIGATION EVIDENCE

The parties entered into a carefully and extensively negotiated Rule 11(c)(1)(C) plea agreement stipulating that a sentence between 5 and 10 years is reasonable. Mr. Worley (and the Government) stands by that agreement. However, the Government now argues that because it declined to charge offenses that carry higher mandatory minimum sentences, Mr. Worley's mitigation has already been "adequately incorporated" and thus the court should disregard the vast body of Section 3553 (a) evidence detailed in Mr. Worley's Sentencing Memorandum and provide no further leniency. *Government's Sentencing Memorandum*, p. 9, line 21. This is incorrect. The plea agreement established a range of 5 to 10 years precisely so the Court could weigh the section 3553(a) factors to determine where Mr. Worley should fall within that range. *Plea Agreement*, ¶¶ 7-8.

If the Court accepts the Government's logic that any and all mitigation was subsumed by the plea agreement, then the sentencing hearing becomes a meaningless formality. The law requires the Court to consider the entire "history and characteristics of the defendant" at the time of sentencing, not just at the time of charging. 18 U.S.C. § 3553(a)(1); 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and *consider for the purpose of imposing an appropriate sentence*.") (emphasis added). Mr. Worley's history of extraordinary childhood sexual, physical, and emotional abuse, his substantial neurocognitive deficits, his youth, and immaturity at age 20, and his stellar post-offense conduct are not extinguished (legally or otherwise) by the Government's charging discretion.  They are present, critical factors that justify a sentence at the low end of the agreed-upon range. *Ibid.*

Furthermore, the Government's narrative fails to place the offense in its proper context.[2] While in no way minimizing the seriousness of the offense or impact on the victims, this was a cyber-offense committed over a very short duration (approximately one week) during the isolation and stress of the COVID-19 pandemic. There was no actual physical contact with any minor. While Mr. Worley does not

---

[2] The Government's cursory approach to this individual defendant is illustrated by the egregious error in its statement of the applicable Guidelines range, asserting on page 4, line 20 that the applicable guideline range is "324-405 months."

DEFENDANT AIDAN WORLEY'S REPLY TO GOVERNMENT'S SENTENCING MEMORANDUM

seek in any way to minimize the harm caused, the brief, situational and clearly aberrant nature of this conduct during the COVID-19 pandemic—committed by a 20-year-old with no prior criminal record whatsoever— fundamentally conflicts with the dangerous "predator" narrative the Government presents. *Government's Sentencing Memorandum*, p. 9, lines 9-10; *Defendant's Sentencing Memorandum*, pp. 23-60. By glossing over these critical distinctions, the Government's cursory analysis fails to treat Mr. Worley as an individual, relying instead on generalizations that do not fit the facts and circumstances of this particular case, and at the same time asks the Court to ignore relevant sentencing law as well as the large body of section 3553 (a) mitigation evidence before the Court.

**III.    THE GOVERNMENT'S REQUEST FOR A 10 YEAR SENTENCE OF IMPRISONMENT IMPROPERLY RELIES UPON A MANDATORY MINIMUM SENTENCE FOR A DISMISSED COUNT**

The Government's methodology for reaching its 120-month recommendation is flawed. The Government argues that Mr. Worley "could have been convicted of coercion," under 18 U.S.C. § 2422, "which carries a 10-year mandatory minimum." *Government's Sentencing Memorandum*, p. 8, lines 16-17. The Government then requests a sentence of 10 years.

The Government cannot dismiss the coercion charge to secure a guilty plea, and then ask the Court to impose the mandatory minimum sentence of that dismissed charge as the starting and ending point for the sentence. While the Court may consider relevant conduct, it is improper for the Government to ask the Court to use the statutory mandatory minimum sentence for a dismissed count as a basis to impose a sentence that effectively punishes the defendant for a crime that the Government agreed to dismiss. *See United States v. Faulkner*, 952 F.2d 1066, 1070 (9th Cir. 1991). To do so renders the benefit of the plea bargain illusory. *Ibid.* The appropriate benchmark is the Guideline range for the crime of conviction—which the parties agreed is 41–51 months—not the statutory mandatory minimum sentence of a dismissed count.

**IV.    A 120-MONTH SENTENCE IS GREATER THAN NECESSARY**

Finally, the Government argues that a 10-year sentence is required to "ensure that Worley never abuses a minor in this way again." *Government's Sentencing Memorandum*, p. 9, line 15. However, this ignores the reality of the requested 5-year sentence. Five years in federal prison is a substantial, life-altering deterrent for a young, first-time offender who has the profile of Mr. Worley as shown by the extraordinary body of mitigation evidence. See *Defendant's Sentencing Memorandum, Exhibits E1-E22*.

Mr. Worley will follow that prison term with a lifetime of sex-offender registration and years of supervised release with internet monitoring. The Government offers no valid explanation as to why 120

months is necessary for public safety for *this particular defendant* when 60 months, combined with supervised release, lifetime sex-offender registration, and proven rehabilitation, achieves the same goal.

Ultimately, by requesting the statutory maximum of the agreed-upon range, the Government suggests that Mr. Worley's youth, the extraordinarily horrendous amount and degree of abuse he suffered throughout his relatively short life right up until the time of the offense conduct, his cognitive deficits resulting therefrom, and the extensive range and great number of mitigating factors count for nothing at this stage. This approach is inconsistent with 18 U.S.C. § 3553(a), which mandates consideration of all mitigating factors pertaining to the defendant and a just and appropriate sentence that is "sufficient, but not greater than necessary." (*See Gall v. United States*, 552 U.S. 38, 49-50 (2007); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc).)

Accordingly, we respectfully request that the Court reject the Government's request for the maximum possible sentence under the plea agreement and instead impose a sentence that truly recognizes the extraordinary amount of mitigation evidence under section 3553(a)(1), a sentence of 60 months imprisonment.

**Dated: November 22, 2025.**                    **Respectfully submitted,**

                                    **/s/**
                                    **SETH P. CHAZIN**
                                    **Attorney for Defendant AIDAN WORLEY**

DEFENDANT AIDAN WORLEY'S REPLY TO GOVERNMENT'S SENTENCING MEMORANDUM