CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

EVAN MATEER (CABN 326848)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Evan.mateer@usdoj.gov

Attorney for United States of America

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 4:25-CR-103-JSW |
|     Plaintiff, | ) <br> ) GOVERNMENT'S SUPPLEMENTAL <br> ) SENTENCING MEMORANDUM |
|     v. | ) |
| AIDEN WORLEY, | ) |
|     Defendant. | ) |

GOVERNMENT SUPPLEMENTAL SENTENCING MEMO
CASE NO. 4:25-CR-103-JSW

## I.    INTRODUCTION

Defendant Aiden Worley is set to appear before this Court on June 9, 2026, for change of plea and sentencing. This follow a previous hearing on November 25, 2025, in which the Court—after finding that the parties stipulated sentencing guidelines range was incorrect—rejected the Rule 11(C)(1)(c) plea agreement. On June 5, 2026, the parties submitted a new plea agreement, also under Rule 11(C)(1)(c), that agrees to the guidelines as calculated by the United States Probation Office, and as adopted by the Court at the November 2025 hearing, and proposes the same resolution: a sentence between 5 and 10 years in prison. Because the parties agreed sentencing guidelines have changed, the government files this supplemental memorandum to reiterate its recommendation that the Court sentence Worley to 120 months in prison followed by a 10 year term of supervised release.

## II.    THE SENTENCING GUIDELINES CALCULATION

The PSR calculates the offense level as follows (PSR ¶¶ 47-60):

      a.  Base Offense Level,  USSG §§2G2.1(a) and 2G2.2(c)(1).    32

      b.  Specific Offense Characteristic:

            a.  USSG §2G2.1(b)(1)(B) (victim between 12 and 16 years old)    +2

            b.  USSG §2G1.3(b)(3)(B) (use of a computer)    +2

            c.  USSG §2G1.3(b)(4)(A)(i) (involved a sex act)    +2

      a.  Acceptance of Responsibility    -3

      b.  Total Offense Level    35

The PSR calculates Worley as being in Criminal History Category I. PSR ¶64. The applicable sentencing guidelines range for Total Offense Level 35 and CHC I is 168-210 months. At the November 15, 2025 sentencing hearing, the Court rejected the parties' alternative guidelines calculation—which would have resulted in a guidelines range of 41-51 months—and adopted probation's guidelines calculation. On June 5, 2026, the parties submitted a revised plea agreement stipulating that the guidelines as adopted by the Court apply in this case. The appropriate guidelines range is therefore 168-210 months. The minimum term of imprisonment for Count 1 of the Information is 60 months.

## III.   SENTENCING RECOMMENDATION

### A.  Legal Standard

The United States Sentencing Guidelines serve as "the starting point and the initial benchmark" of any sentencing process and are to be kept in mind throughout the process.  *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007).  The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary."  *Carty*, 520 F.3d at 991 (citation omitted).  In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), which include:

> (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)   the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (3)   the need for the sentence imposed to afford adequate deterrence to criminal conduct; and
>
> (4)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

### B.  A Sentence of 120 Months in Prison is Sufficient but Not Greater than Necessary

The government maintains its recommendation of a sentence of 120 months in prison.  This recommendation is based on an assessment and weighing of all of the 3552 factors, is not affected by the change in the applicable guidelines.

As the government argued in its sentencing memorandum, the seriousness of Worley's offense—which involved the sexual abuse of two minors, forcing them into performing sexual acts on live video chats—strongly militates in favor of a significant custodial sentence.  The government also considers the need to deter Worley and others on the internet from further preying on vulnerable minors on the internet to support a significant custodial sentence.

The government also considered mitigating factors including trauma and abuse in Worley's childhood, mental health issues, and the isolation of the COVID-19 pandemic.  The government explained that it had considered each of these factors in its decision to charge receipt, rather than any of the available charges carrying a higher mandatory minimum sentence.  For the same reasons, the government believes that these

GOVERNMENT SUPPLEMENTAL SENTENCING MEMO
4:25-CR-103-JSW                                                          2

mitigating factors support its 120-month recommendation, despite that sentence being 48 months below the applicable guidelines range.

While the guidelines range the government used as a starting point changed since its first sentencing memorandum, the facts of this case and the balance of the 3553 factors did not.  Accordingly, the government continues to recommend 120 months in prison.  The government also continues to recommend a ten-year term of supervised release to protect the community from the possibility that Worley may reoffend after release from prison.

**IV.    CONCLUSION**

For the foregoing reasons, the United States recommends that the Court sentence the defendant to 120 months' imprisonment, 10 years' supervised release, and a $100 special assessment.

DATED:  June 5, 2026                                        Respectfully submitted,

                                                           CRAIG H. MISSAKIAN
                                                           United States Attorney

                                                           */s/ Evan M. Mateer*
                                                           EVAN M. MATEER
                                                           Assistant United States Attorney